T.C. Summary Opinion 2003-68

UNITED STATES TAX COURT

JAMES A. AND CORLIS L. PERRY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4321-01S.                    Filed June 5, 2003.

James A. Perry, pro se.

<u>Emile L. Hebert III</u>, for respondent.


PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

Respondent determined a deficiency of $7,608 and an accuracy-related penalty of $1,548 in petitioners' 1998 Federal income tax. After concessions by both parties, this Court must decide: (1) Whether petitioner James A. Perry (petitioner) was engaged in an activity as a tutor for profit; (2) whether petitioner was engaged in an activity as an editor for profit; and (3) whether petitioners are liable for the accuracy-related penalty under section 6662(a).

Some of the facts in this case have been stipulated and are so found. Petitioners resided in New Orleans, Louisiana, at the time they filed their petition.

Petitioners timely filed their joint 1998 Federal income tax return. Attached to the 1998 return were Forms W-2, Wage and Tax Statement, issued to petitioner. One Form W-2 issued to petitioner from Black Collegiate Services, Inc. (Collegiate Services), reported "wages, tips, other compensation" of $30,532 and Federal income tax withheld of $1,575. Another Form W-2 issued to petitioner from Southern Baptist Convention William Carey College (Carey College) reported "wages, tips, other compensation" of $4,200 and Federal income tax withheld of $17 (all amounts are rounded). Both of the amounts reported as wages on these Forms W-2 issued to petitioner were reported as gross receipts on the Schedules C, Profit or Loss From Business, discussed below.

On one Schedule C, petitioner was listed as the alleged "Notary and Text Editor" (editor Schedule C).  On this Schedule C, petitioner reported gross receipts of $30,532 and claimed total deductions, as follows:

| | |
|---|---:|
| Car and truck | 4,000 |
| Depreciation | 2,000 |
| Mortgage interest | 500 |
| Legal and professional services | 50 |
| Office | 1,200 |
| Repairs and maintenance | 1,400 |
| Supplies | 250 |
| Taxes and licenses | 27 |
| Travel | 390 |
| Utilities | 200 |
| Total deductions: | $10,017 |

The $30,532 of gross receipts reported on this Schedule C consisted solely of the amount of wages reported on the Form W-2 issued by Collegiate Services.

On another Schedule C, petitioner was listed as an "Adjunct Faculty Tutor" (tutor Schedule C).  On this Schedule C, petitioner reported gross receipts of $4,200 and claimed depreciation and supplies expense deductions of $500 and $700, respectively.  The $4,200 of gross receipts reported on this Schedule C consisted solely of the amount of wages reported on the Form W-2 issued by Carey College.

Respondent disregarded petitioner's activities as not engaged in for profit and disallowed the claimed Schedule C deductions.  Although there are several legal theories under which petitioner's deductions could be questioned, the Court has

addressed the issue as couched by respondent and decided it on that basis.

Section 162(a) allows deductions for ordinary and necessary expenses paid or incurred in carrying on a trade or business. Generally, no deduction is allowed for personal, living, or family expenses. Sec. 262.

Section 183(a) disallows any deduction attributable to activities not engaged in for profit except as provided under section 183(b). Section 183(b)(1) allows those deductions which otherwise are allowable regardless of profit objective. Section 183(b)(2) allows those deductions which would be allowable if the activity were engaged in for profit, but only to the extent that gross income attributable to the activity exceeds the deductions permitted by section 183(b)(1). Section 183(c) defines "activity not engaged in for profit" as "any activity other than one with respect to which deductions are allowable for the taxable year under section 162 or under paragraph (1) or (2) of section 212."

The basic standard for determining whether an expense is deductible under sections 162 and 212 (and thus not subject to the limitations of section 183) is the following: a taxpayer must show that he or she engaged in or carried on the activity with an actual and honest objective of making a profit. Ronnen v. Commissioner, 90 T.C. 74, 91 (1988); Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205

(D.C. Cir. 1983). While a taxpayer need not have a reasonable expectation of profit, the facts and circumstances must demonstrate that he or she entered into the activity, or continued the activity, with the actual and honest objective of making a profit. Taube v. Commissioner, 88 T.C. 464, 478 (1987); Dreicer v. Commissioner, supra at 645. The taxpayer's objective to make a profit must be analyzed by looking at all the surrounding facts. Dreicer v. Commissioner, supra at 645. These facts are given greater weight than the taxpayer's mere statement of intent. Id.

The regulations provide a nonexclusive list of relevant factors which should be considered in determining whether the taxpayer has the requisite profit objective. The factors are: (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that the assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) any elements indicating personal pleasure or recreation. Sec. 1.183-2(b), Income Tax Regs. These factors are not applicable or appropriate in every case. Abramson v. Commissioner, 86 T.C. 360, 371 (1986). The

facts and circumstances of the case in issue remain the primary test. Id.

In determining whether petitioner was engaged as a tutor and as an editor with the requisite intent to make a profit, all of the facts and circumstances of his situation must be taken into account. Golanty v. Commissioner, 72 T.C. 411, 426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981); sec. 1.183-2(a) and (b), Income Tax Regs. No single factor is controlling, nor is the existence of a majority of factors favoring or disfavoring a profit objective necessarily controlling. Hendricks v. Commissioner, 32 F.3d 94, 98 (4th Cir. 1994), affg. T.C. Memo. 1993-396; sec. 1.183-2(b), Income Tax Regs.

Petitioner generally bears the burden of proof with respect to this determination. Rule 142(a); Golanty v. Commissioner, supra at 426; McCarthy v. Commissioner, T.C. Memo. 2000-135. Petitioner does not argue the applicability of section 7491(a), and the record reflects that section 7491(a) does not apply.

Petitioner contends that he was engaged for profit as both a tutor and an editor.

Petitioner's deductions with respect to each of the alleged activities consisted of unsubstantiated and unwarranted deductions and personal expenses. For example, petitioner used the Schedules C to claim inflated deductions for expenses, such as mortgage interest on petitioners' personal residence.

Petitioner actually paid $3,399 in interest on his home mortgage. On Schedule A, petitioner admittedly claimed a deduction of $4,902 for home mortgage interest. On the editor Schedule C, petitioner admittedly deducted another $500 for home mortgage interest. These unwarranted deductions amount to a deduction for home mortgage interest of $2,003 more than petitioner was entitled to deduct. Petitioner also deducted car and truck expenses of $4,000 on the editor Schedule C which related to three personal vehicles used by petitioner to commute to his job with Collegiate Services. In addition, petitioner deducted a payment to repair one of his personal automobiles. Thus, petitioner's use of the Schedules C allowed him to claim deductions for many nondeductible personal expenses and greater deductions than were otherwise allowable.

With respect to petitioner's purported Schedule C activities, petitioner has not proved that he was engaged in either activity with a profit objective. Petitioner did not carry on either activity in a businesslike fashion. With respect to both activities, petitioner had no books, records, or business plans. Petitioner's gross income for his tutor Schedule C and his editor Schedule C consisted solely of wages he received in his capacity as an employee of Collegiate Services and Carey College, respectively. Petitioner had no gross receipts with respect to either activity. Petitioner deducted personal expenses nondeductible under section 262 on his Schedules C. Petitioner claimed unwarranted deductions for home mortgage

interest. Upon a review of the facts in the record, we conclude that petitioner did not engage in activities as a tutor and as an editor with an actual and honest objective of making a profit. We hold that under section 183 petitioner is not entitled to the claimed Schedules C deductions in issue and we sustain respondent's determinations.

Section 6662(a) imposes a penalty in an amount equal to 20 percent of the portion of any underpayment of tax attributable to causes specified in subsection (b). Subsection (b) of section 6662 provides that among the causes justifying imposition of the penalty is any substantial understatement of tax. An understatement is equal to the excess of the amount of tax required to be shown on the return over the amount of tax shown on the return. Sec. 6662(d)(2)(A). In the case of an individual, an understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A).

An understatement is reduced to the extent attributable to an item: (1) For which there existed substantial authority for the taxpayer's treatment thereof, or (2) with respect to which relevant facts were adequately disclosed in the return or in a statement attached thereto and there existed a reasonable basis for the taxpayer's treatment of the item. Sec. 6662(d)(2)(B).

The accuracy-related penalty under section 6662(a) does not

apply to any portion of an underpayment if it is shown that there was reasonable cause for such portion of the underpayment and that the taxpayer acted in good faith with respect to such portion. Sec. 6664(c)(1). In general, the determination of whether a taxpayer acted with reasonable cause and in good faith depends upon the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The crucial factor is the extent of the taxpayer's effort to assess the proper tax liability. Id. Respondent has met his burden of production and petitioners bear the burden of proving that the reasonable cause exception is applicable. Sec. 7491(c); Rule 142(a); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001); Jelle v. Commissioner, 116 T.C. 63, 72 (2001).

Petitioners have offered no discussion or argument with respect to this issue. Based on the facts before us, we conclude that petitioners had no reasonable cause for treating the alleged tutor activity and the alleged editor activity as activities engaged in for a profit. Petitioner claimed unwarranted deductions. Accordingly, we sustain respondent's determination that petitioners are liable for the accuracy-related penalty under section 6662(a).

To the extent that we have not addressed any of the parties' arguments, we have considered them and conclude they are irrelevant or without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered under Rule 155</u>.